```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
MARIA ALLEYNE,

                         Plaintiff,
                                                    **MEMORANDUM AND ORDER**
        -against-
                                                    14-CV-6311 (KAM)(CLP)
AGENT ANDREW GOLDSTEIN, AGENT JAMES
MODICO, AGENT CHRISTIAN ANDRETTA,
AGENT JASON MOUNT, AGENT JOSEPH
QUATTROCHI, AGENT DANNY LEE, AGENT
JERRY DINAPOLI, AGENT EUGENE COZZA,
AGENT HEATHER SHAND OMALLEY, SEARGANT
FRANK DiGREGORIO, AGENT MARK DELUCA,
AGENT DONALD McMANN, AGENT EDDIE
ALVARIAN,INSPECTOR DEL GUIDICE, AUSA
ALEXANDER A. SOLOMON, AUSA TONI M.
MELE, AUSA SOUMYA DAYANANDA, and AUSA
PATRICIA NOTOPOULOS,

                         Defendants.
----------------------------------------x
```
**MATSUMOTO, United States District Judge**

On October 27, 2014, *pro se* plaintiff Maria Alleyne ("plaintiff") filed the instant action against Agent Andrew Goldstein, Agent James Modico, Agent Christian Andretta, Agent Jason Mount, Agent Joseph Quattrochi, Agent Danny Lee, Agent Jerry Dinapoli, Agent Eugene Cozza, Agent Heather Shand O'Malley, Seargant Frank DiGregorio, Agent Mark Deluca, Agent Donald McMann, Agent Eddie Alvarian, Inspector Del Guidice, AUSA Alexander A. Solomon, AUSA Toni M. Mele, AUSA Soumya Dayananda, and AUSA Patricia Notopoulos (collectively, the "defendants"), alleging constitutional violations under the Fourth, Fifth and Sixth Amendments. (ECF No. 1, Complaint ("Compl.").)

1

Plaintiff Maria Alleyne alleges constitutional violations arising from an indictment, arrest, and jury trial for money laundering charges related to the matter *United States v. James, et al.*, Docket Number 08-cr-888 before the Honorable Nina G. Gershon in the Eastern District of New York. Specifically, plaintiff alleges that she was indicted by a federal Grand Jury for structuring and money laundering charges on October 6, 2010, and arrested at her home shortly thereafter on October 14, 2010 pursuant to an arrest warrant. (Compl. ¶ 16-21.) After a month-long jury trial, on October 24, 2011, plaintiff was found not guilty. (Compl. ¶¶ 23-24.)

Plaintiff alleges that during her October 14, 2010 arrest, her home was unlawfully searched and her property, including documents relating to an escrow account in Barbados, was unlawfully seized in violation of the Fourth Amendment. (Compl. ¶¶ 25-30.) Plaintiff alleges that the court subsequently ordered forfeiture of the money in her escrow account to pay for plaintiff's legal fees. (Compl. ¶ 30.) Plaintiff further alleges that her rights to due process and equal protection under the Fifth Amendment were violated when AUSA Natapoulos, AUSA Solomon, and Special Agent Andrew Goldstein sought money laundering charges against her and when she was "denied the right to enter into contractual arrangements for representation, when upon prompting from the AUSA, her

2

attorney Michael Young was disqualified from representing her." (Compl. ¶¶ 31-38.) Plaintiff also alleges that she was "denied due process of her right to her property as the removal of the money from the escrow account in fact closed the account and resulted in her loss of the property." (Compl. ¶ 38.) Finally, plaintiff alleges that she was "denied the right to counsel of her choice when her attorney, Michael Young, was disqualified" in violation of her Sixth Amendment right to counsel. (Compl. ¶ 39.)

On December 16, 2014, Magistrate Judge Cheryl L. Pollak ordered plaintiff to effect proper service of the summons and complaint upon defendants pursuant to Federal Rule of Civil Procedure ("Rule") 4(m). Judge Pollak warned plaintiff that if service was not made upon defendants by February 24, 2015, or, if plaintiff failed to show good cause as to why service had not been effected, dismissal of the action with prejudice would be recommended to the court. (ECF No. 4, Order dated 12/16/14.)

On March 3, 2015, Assistant United States Attorney ("AUSA") Melanie D. Hendry submitted a status report, as requested by the court on February 27, 2015, indicating that "this Office is not aware of any of the individual defendants having been personally served with the summons and complaint." (ECF No. 6, Status Letter dated 3/3/15.) AUSA Hendry indicated that, while plaintiff had filed affidavits of service

3

purportedly memorializing service upon the individual defendants, these affidavits did not establish personal service upon any defendant and only stated that copies of the summons and complaint were served upon a docket clerk in the United States Attorney's Office ("USAO"). (*Id.*) AUSA Hendry further advised the court that the USAO "has not been authorized to, and therefore is unable to consent to, accept service on behalf of any of the defendants," and that it was the USAO's "understanding that plaintiff has not properly served the summons and complaint prior to the expiration of her 120-day deadline to do so." (*Id.*)

On March 9, 2015, Judge Pollak ordered the United States Attorney's Office ("USAO") to provide plaintiff with information regarding the proper method of service for the defendants as well as the defendants' respective addresses. (ECF No. 7, Order dated 3/9/15.) Judge Pollak warned plaintiff that pursuant to Rule 4(m), she had 30 days from the time she received the information from the United States Attorney's Office to effect service on the defendants. (*Id.*)

On June 4, 2015, the AUSA Hendry provided a status update to the court, indicating that on March 24, 2015, the USAO sent plaintiff a letter via certified mail, providing the information regarding the proper method of service and addresses for service upon all individual defendants, with the exception

of Special Agent Edward Alaverdian, whose address was not known to the USAO.  (ECF No. 8, Status Letter dated 6/8/15.)

On June 9, 2015, the Judge Pollak ordered plaintiff to effect service on the defendants by June 22, 2015, or inform the court by that date whether she wishes to withdraw her claims.  (ECF No. 9, Order dated 6/9/15.)  Judge Pollak again warned plaintiff that if she failed to comply with the court's order, it would recommend that her claims be dismissed for failure to prosecute pursuant to Rule 41(b).  (*Id.*)

On June 22, 2015, plaintiff submitted a letter, requesting an extension of time to effect service upon the defendants "because [she] did not get the opportunity to serve the Agents that are based in Washington D.C."  (ECF No. 10, Letter dated 6/22/15.)  On July 6, 2015, the court granted plaintiff's request for an extension and ordered plaintiff to effect service by August 5, 2015, or to inform the court whether she wishes to withdraw her claims.  The court warned plaintiff that, because the court has provided plaintiff ample time and multiple extensions to effect service on defendants, her claims would be dismissed for failure to comply with the court's July 6, 2015 order.  (*Id.*)

On August 7, 2015, due to plaintiff's continued failure to demonstrate compliance with the court's orders, the court again ordered that no later than August 12, 2015,

plaintiff must file all affidavits or declarations of service indicating that service was effected on defendants by the previously ordered date of August 5, 2015. (Order, dated 8/7/15.) As of the date of this order, plaintiff has neither effected service on defendants nor complied with the court's numerous orders.

Rule 4(m) provides that if a plaintiff does not effect service upon a defendant within 120 days after the filing of the complaint, the court, upon motion or *sua sponte,* "shall" dismiss the action without prejudice as to that defendant, unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m); *see Perrelli v. Autotote, Inc.*, 56 F. App'x 18 (2d Cir. 2003). Here, the 120 day deadline has long passed, and, despite numerous court orders and generous extensions of time, as well as specific instructions on how to properly serve defendants, plaintiff has neither completed proper service on defendants nor has she offered the court any reason for why she was unable to properly serve defendants within the time limits provided by Rule 4(m) and extended by the court.

Further, a plaintiff is obligated to prosecute her case diligently, and Rule 41(b) authorizes the district court to dismiss a plaintiff's case *sua sponte* for failure to prosecute or comply with the court's orders. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal

6

citation omitted). A district court considering dismissal pursuant to Rule 41(b) must balance five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal citations and quotation marks omitted). No one factor in the analysis is dispositive. *See id.* The Second Circuit has cautioned that dismissal is "'a harsh remedy to be utilized only in extreme situations.'" *LeSane*, 239 F.3d at 209 (internal citation omitted). In general, *pro se* parties "should be granted special leniency regarding procedural matters." (*Id.*)

The first factor weighs in favor of dismissal because plaintiff has failed to comply with five court orders on December 16, 2014, March 9, 2015, June 9, 2015, July 6, 2015, and August 7, 2015. The second factor also weighs in favor of dismissal because the court has repeatedly warned petitioner that her continued failure to comply with the court's orders would result in the dismissal of her claims. Prejudice to the

defendants, the third factor, may be presumed because petitioner has unreasonably delayed the progress of this case. *See Blake v. Payane*, No. 08-CV-0930, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).  The court has considered the fourth factor by balancing its interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard and finds that plaintiff's utter failure to comply with the court's five orders over the course of ten months weighs in favor of dismissal.  Moreover, the court may dismiss plaintiff's claims without prejudice, which would allow plaintiff to pursue her claims at a later time.  Finally, the court has considered sanctions less drastic than dismissal and concluded that, given the duration of Plaintiff's non-compliance with court orders, her failure to effect service upon defendants, and her failure to prosecute her claims despite the numerous opportunities for her to do so, no lesser sanction would be effective.  Plaintiff's repeated failure to comply with the court's orders indicates that she no longer wishes to pursue her claims against the defendants.

In the circumstances presented, where a *pro se* plaintiff has failed to effectuate timely service, courts have typically held that dismissal without prejudice is appropriate. *See, e.g., Holton v. City of New York,* 133 F.3d 907 (Table), No.

97-CV-2105, 1998 WL 29825, at *1 (2d Cir. Jan. 27, 1998); *Zapata v. Isabella Geriatric Ctr.*, No. 12-CV-738, 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013) *report and recommendation adopted,* No. 12-CV-738, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013); *Grant v. Aurora Loan Servs.,* No. 08-CV-100, 2008 WL 4326532, at *2 (E.D.N.Y. Sept. 2, 2008). Accordingly, plaintiff's complaint is dismissed without prejudice for plaintiff's failure to comply with Rule 4(m) and failure to prosecute and comply with the court's orders pursuant to Rule 41(b). The Clerk of the Court is respectfully requested to enter judgment in favor of defendants, close this case, serve a copy of this order on *pro se* petitioner at her address, 848 Linden Blvd., Brooklyn, NY 11203, and note such mailing on the docket.

**SO ORDERED.**

**Dated**: Brooklyn, New York
August 13, 2015

_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York